# EXHIBIT B

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| UMG Recordings, Inc., et al. *Plaintiff* v. Uncharted Labs, Inc., d/b/a Udio.com, and John Does 1-10 *Defendant* | Civil Action No. 1:24-cv-04777 (AKH) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: AH Capital Management, LLC c/o The Corporation Trust Company Corporation Trust Center 1209 Orange St., Wilmington, DE, 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHMENT "A"

| Place: Electronically by email to mrivera@hueston.com | Date and Time: 11/14/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/15/2024

*CLERK OF COURT*                                                        OR

_____                                 _____
*Signature of Clerk or Deputy Clerk*                                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* UMG Recordings, Inc. et al. , who issues or requests this subpoena, are:

Mariah Rivera Hueston Hennigan, 1 Little West 12th Street New York NY 10014; mrivera@hueston.com (646) 891-5049

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-04777 (AKH)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Print   Save As...   Add Attachment   Reset

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

In lieu of producing the requested documents at the address noted on the face of the Subpoena, you may email the production to mrivera@hueston.com

1. "ACTION" or "LITIGATION" shall refer to the above-captioned action, filed in the U.S. District Court for the Southern District of New York, entitled *UMG Recordings, Inc. et al. v. Uncharted Labs, Inc., d/b/a Udio.com et al.*, No. 1:24-cv-04777, unless otherwise specified.

2. "AI SERVICE" or "AI SERVICES" shall refer to any artificial intelligence-powered service, including the service offered by UDIO.

3. The words "AND" and "OR" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

4. The term "ANY" shall include "ALL" and "ALL" shall include "ANY."

5. "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6. "COMPLAINT" refers to the operative Complaint in the ACTION as of the date this Subpoena is served.

7. "CONCERNING" means relating to, referring to, describing, evidencing, or constituting.

8. "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

9. "OUTPUT" and "OUTPUTS" shall refer to the digital music files generated by an AI SERVICE.

10. "PLAINTIFFS" means UMG Recordings, Inc., Capitol Records, LLC, Sony Music Entertainment, Arista Music, Arista Records LLC, Atlantic Recording Corporation, Rhino

- 2 -

Entertainment Company, Warner Music Inc., Warner Music International Services Limited, Warner Records Inc., Warner Records LLC, and Warner Records/SIRE Ventures LLC.

11. "RELATED TO" and "RELATING TO," shall be interpreted in their customary broad sense and shall include, without limitation, having any connection, relation, or reference to, as well as identifying, concerning, containing, pertaining to, referring to, reflecting, mentioning, discussing, representing, embodying, illustrating, substantiating, evidencing, describing, constituting, or otherwise being logically or factually connected with the matter discussed.

12. "SOUND RECORDINGS" shall have the same meaning as that term is defined in the Copyright Act, *see* 17 U.S. § 101.

13. "UDIO" shall refer to Defendant Uncharted Labs, Inc., its subsidiaries, divisions, predecessor and successor companies, affiliates, any partnership or joint venture to which it may be a party, and its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period.

14. "YOU" and "YOUR" shall refer to AH Capital Management, LLC, d/b/a Andreessen Horowitz and/or a16z, its subsidiaries, divisions, predecessor and successor companies, affiliates, any partnership or joint venture to which it may be a party, and its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period.

- 3 -

## DOCUMENTS REQUESTED

**DOCUMENT REQUEST NO. 1**:

ALL DOCUMENTS RELATED TO UDIO.

**DOCUMENT REQUEST NO. 2**:

ALL COMMUNICATIONS RELATED TO UDIO, including but not limited to ANY COMMUNICATIONS with UDIO.

**DOCUMENT REQUEST NO. 3**:

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR inquiry, analysis, or evaluation of an investment in UDIO.

**DOCUMENT REQUEST NO. 4**:

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR consideration of actual or potential legal, financial, or reputational risks RELATING TO YOUR investment in UDIO.

**DOCUMENT REQUEST NO. 5**:

ALL DOCUMENTS AND COMMUNICATIONS CONCERNING due diligence RELATED TO UDIO.

**DOCUMENT REQUEST NO. 6**:

ALL DOCUMENTS AND COMMUNICATIONS CONCERNING UDIO's valuation.

**DOCUMENT REQUEST NO. 7**:

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR efforts to market, promote, or otherwise publicize UDIO and/or OUTPUTS.

**DOCUMENT REQUEST NO. 8**:

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO AI SERVICES.

**DOCUMENT REQUEST NO. 9**:

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO PLAINTIFFS.

**DOCUMENT REQUEST NO. 10**:

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the licensing of SOUND RECORDINGS for AI SERVICES.

**DOCUMENT REQUEST NO. 11**:

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO the "Comments of a16z" dated October 30, 2023 submitted to the U.S. Copyright Office in response to the Notice of Inquiry on Artificial Intelligence & Copyright.

**DOCUMENT REQUEST NO. 12**:

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO YOUR claim that "the only practical way generative AI models can exist is if they can be trained on an almost unimaginably large amount of content, much of which . . . will be subject to copyright," as stated within the "Comments of a16z" dated October 30, 2023 submitted to the U.S. Copyright Office in response to the Notice of Inquiry on Artificial Intelligence & Copyright.

**DOCUMENT REQUEST NO. 13**:

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO the application, actual or potential, of United States intellectual property laws or regulations, including but not limited to the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, the Music Modernization Act, 17 U.S.C. §§ 1401, *et seq.*, and the United States Copyright Office, to AI SERVICES.

**DOCUMENT REQUEST NO. 14**:

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the market, actual or potential, for OUTPUTS, including but not limited to any projections or forecasts.

- 5 -

**DOCUMENT REQUEST NO. 15**:

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the actual or potential impact or effect of AI SERVICES on the music industry.

**DOCUMENT REQUEST NO. 16**:

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR consideration of actual or potential legal, financial, or reputational risks RELATING TO AI SERVICES.

**DOCUMENT REQUEST NO. 17**:

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR inquiry, analysis, or evaluation of an investment in AI SERVICES.