UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG RECORDINGS, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNCHARTED LABS, INC. D/B/A UDIO.COM,<br><br>    Defendant. | Case No. 25-mc-80194-KAW<br><br>**ORDER RE PLACE OF COMPLIANCE**<br><br>Re: Dkt. No. 1 |

On July 15, 2025, Plaintiffs filed a motion to compel AH Capital Management, LLC's ("a16z") compliance with a non-party subpoena. (Dkt. No. 1.) The subpoena requires a16z to produce documents at: "Electronically by email to mrivera@hueston.com." (Dkt. No. 1-3.) No physical place of production is identified.

Numerous courts have found that because Federal Rule of Civil Procedure 45(c)(2)(A) requires production "within 100 miles of where" the subpoena recipient "resides, is employed, or regularly transactions business," "[t]his means the place of compliance must be a physical place subject to geographical limits and capable of being measured according to mileage." *Landwer v. Corebridge Direct Ins. Servs. Inc.*, No. CV-24-03471-PHX-KML, 2025 U.S. Dist. LEXIS 117851, at *1 (D. Ariz. June 17, 2025). Thus, "[s]everal courts have held that a Rule 45 subpoena which fails to list a physical place of compliance -- including those that list videoconferencing technology as the place of compliance for a deposition or that list an email address as the place of compliance for a document production -- fail to comply with Federal Rule of Civil Procedure 45(a)(1)(A)(iii) and are facially void." *Devine v. Judson*, No. 4:24-CV-2911, 2025 U.S. Dist. LEXIS 130918, at *3 (S.D. Tex. July 10, 2025); *see also House v. Wayne USA Co.*, 2024 U.S. Dist. LEXIS 176249, at *4 (E.D.N.Y. Sep. 27, 2024) (same); *CSS, Inc. v. Herrington*, 354 F.

Supp. 3d 702, 710 (N.D. Tex. 2017) ("an email address does not qualify as a location or place where compliance is required under Rule 45, although the subpoenaing party and the subpoenaed person could agree to production by electronic means"); *Landwer*, 2025 U.S. Dist. LEXIS 117851, at *1-2 (denying motion to issue subpoena because the proposed subpoena requested that responsive information be provided by e-mail); *Crews v. Tanpri Media & Arts Inc.*, No. CV-23-01236-PHX-JJT, 2024 U.S. Dist. LEXIS 93600, at *2 (D. Ariz. Apr. 25, 2024) (same); *Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc.*, No. 21cv1197-W-MDD, 2022 U.S. Dist. LEXIS 127870, at *19 (S.D. Cal. July 18, 2022) (finding that a valid subpoena requires that the place of compliance be a physical place).

The failure to include a physical location is not simply an academic exercise. In finding such subpoenas void, courts have explained that absent a physical location, "it is unclear which District would be that within which compliance with the subpoena is required, and therefore the District in which an enforcement action must be brought under Rule 45(d)(1)." *Crews*, 2024 U.S. Dist. LEXIS 93600, at *3; *see also Russell v. Maman*, No. 18-cv-06691-RS (AGT), 2021 U.S. Dist. LEXIS 142242, at *3 (N.D. Cal. July 29, 2021) (finding that the court lacked jurisdiction to enforce the subpoena where the subpoena sought a remote deposition by Zoom). Indeed, in this case, the only addresses listed on the subpoena are a Delaware address for a16z and a New York address for Plaintiffs' counsel -- neither of which are located in this district. *See Vervain, LLC v. Kingston Tech. Co.*, No. 24-mc-80322-LJC, 2025 U.S. Dist. LEXIS 53143, at *19-20 (N.D. Cal. Mar. 21, 2025) ("Rule 45(d)(3)(A) could perhaps have been written more clearly, but the most sensible reading, and the majority view of the courts that have considered the issue, is that it requires subpoena-related motions to be filed in the district where a subpoena commands compliance.").

In summary, it is not apparent that the subpoena is valid, nor that this Court is the proper court to resolve the issue. Accordingly, the Court ORDERS the parties to file supplemental briefs addressing whether the subpoena is valid and whether the Court has authority to resolve the issue. The supplemental briefs shall be no more than 5 pages and shall be filed within **seven days** of the date of this order.

1     The Court CONTINUES the motion hearing to **September 4, 2025**.

2     IT IS SO ORDERED.

3 Dated: August 5, 2025

                                                            KANDIS A. WESTMORE
                                                             United States Magistrate Judge

3